THOMAS & HAYDEN MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4804.    Decided July 30, 1926.

*C. H. Pease, C. P. A.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

Before STERNHAGEN, LITTLETON, and TRUSSELL.

LITTLETON: This proceeding presents the question of whether the Commissioner correctly denied a deduction of $10,000, as additional compensation of officers, for the calendar year 1919, in which he has determined a deficiency of $2,631.61.

FINDINGS OF FACT.

The petitioner is an Illinois corporation, engaged in the manufacture and sale of neckwear, with principal office at Chicago. It kept its books on the accrual basis.

Prior to and during the year 1919, only two of the officers of the company, J. A. Thomas, president, and T. F. Bohan, secretary, were paid a regular salary, such compensation having been fixed by the directors, prior to 1919, at $4,000 and $2,800, respectively. R. W. Hayden, vice president, who, during the year 1919, was also one of the directors, traveled as a salesman for the company and received compensation in the form of commissions. The company maintained complete books of account, keeping as well a minute book in which were recorded the minutes of matters transacted by the stockholders and directors.

On March 12, 1920, the petitioner filed a tentative return of income, in which a deduction of $6,800 was claimed as compensation for its officers. At the same time it obtained an extension of time to May 15, 1920, within which to file a complete return. On May 13, 1920, the complete return was filed, in which a deduction of $6,800 was claimed as officers' compensation.

The indications early in 1919 were that the profits of the corporation during that year would be in excess of the profits for prior years. In July, 1919, the officers, who were also the directors, informally discussed the business of the corporation, and the matter of increased compensation was then mentioned by the president. It was suggested that, in view of the indications that the profits of the corporation for the year would be greater than in prior years, the corporation would be justified in paying its three officers additional compensation. The amount of such additional compensation which it was thought the corporation would be justified in paying its officers was discussed at the time, but no final action was taken by

the directors relative thereto; no resolution was adopted fixing the amounts, nor was any entry made upon the books of account of any additional compensation, within the year 1919. Prior to March 2, 1920, the date on which the directors definitely agreed on the allowance of the additional compensation and adopted a resolution fixing the amount thereof, no liability of the corporation for additional compensation for its officers for 1919 existed. The resolution adopted on March 2, 1920, provided as follows:

Motion of R. W. Hayden that the following salaries be paid to officers for the year 1919; J. A. Thomas, President and Treasurer, $9,050.08; R. W. Hayden, Vice-President, $2,125; T. F. Bohan, Secretary, $5,725.

On November 9, 1920, the petitioner filed an amended return and claimed therein a deduction for compensation of officers of $16,900.08. The Commissioner declined to allow the increased compensation specified in the above resolution as a deduction from gross income for 1919, upon the ground that the corporation had incurred no liability therefor within the year.

*Judgment for the Commissioner.*